## No. 6306.

### C. Boyé et al. vs. C. E. Girardey et al.

This court does not regard the tax or duty complained of in this case as embraced within the purview of the clauses of the constitution invoked, but only a charge imposed for the services of a licensed officer of the State, the obligation to pay which arises from the voluntary act of parties employing said officer. The State did not require the plaintiffs to sell their property at auction, but required them to pay the charge in case they should employ an auctioneer to make a sale. The plaintiffs, having had recourse to such a mode of selling their property as advantageous to themselves, have no just cause to complain of the requirement on the part of the State.

APPEAL from the Superior District Court, parish of Orleans. *Lynch,* Judge of the Fourth District Court, acting in the stead of Judge Hawkins. *E. Howard McCaleb* and *T. Wharton Collens,* for plaintiffs and

appellants. *Henry C. Dibble,* Assistant Attorney General, for defendants and appellees.

HOWELL, J.  Plaintiffs allege that they employed the defendant, Girardey, as a licensed auctioneer, to sell property for them at auction, and that said Girardey has retained a certain part of the proceeds as due to the State for a tax or duty of one half of one per cent imposed on auction sales, to be paid by the person whose property is sold, under section 145 Revised Statutes, and they enjoined the said Girardey from paying and the Auditor and Treasurer from receiving said money into the State treasury, on the ground that the said tax is imposed in violation of article 118 of the constitution, fixing uniformity and equality of taxation on the value of property and the amendment limiting the tax on property to twelve and a half mills.

The Assistant Attorney General appeared on behalf of the above officers, and from a judgment against plaintiffs they have appealed.

We do not regard the tax or duty complained of as embraced in the purview of the clauses of the constitution invoked, but a charge imposed for the services of a licensed officer of the State, the obligation to pay which arises from the voluntary act of parties employing said officer.  The State did not require the plaintiffs to sell their property at auction, but required them to pay the charge in case they should employ an auctioneer to make a sale.  The plaintiffs, deeming such a mode of selling their property as advantageous to themselves, have no just cause to complain of the requirement on the part of the State.

Judgment affirmed.

Rehearing refused.